39 N.J. Super. 562 (1956)
121 A.2d 746
SOMERVILLE CONTAINER SALES, INC., A CORPORATION OF MASSACHUSETTS, PLAINTIFF-APPELLANT,
v.
GENERAL METAL CORPORATION, A CORPORATION OF NEW JERSEY, AND M.P. KAUFMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Reargued March 26, 1956.
Decided March 28, 1956.
*563 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles B. Clancy, Jr., argued the cause for plaintiff-appellant (Messrs. Clancy & Clancy, attorneys).
Mr. Milton M. Unger argued the cause for defendants-respondents (Messrs. Milton M. and Adrian M. Unger and Mr. Sam Denstman, attorneys).
PER CURIAM.
On February 29, 1956 this court rendered its decision in favor of plaintiff-appellant reversing the order of the trial court granting a new trial as to both liability and damages and remanding the cause for a new trial as to damages only, unless plaintiff, within ten days of the entry of the mandate, elected to accept a judgment against defendant in the sum of $4,004.25, together with interest from May 1, 1953, in which event judgment would be entered in that amount. Plaintiff sought a rehearing of only that portion of the decision fixing the optional remittitur at the indicated figure, the petition setting forth that the proper amount should be $9,047.50, as suggested in the original argument. Rehearing was granted and the matter argued by both sides.
We have reconsidered the matter in the light of the record, original briefs and argument, and the argument on rehearing, and have concluded that plaintiff's request for increase in the optional amount to the sum of $9,047.50 must be denied. We arrived at the figure of $4,004.25 by considering the proofs adduced at the original hearing.
On the reargument plaintiff expressed concern that the reference in the opinion heretofore filed to the optional damages figure of $4,004.25 might, upon a retrial as to damages, constitute the law of the case and preclude a verdict in excess of that amount even if different proofs or argument were advanced on the new trial. Such a result was not our *564 intention, as we think is fairly inferable from our opinion. Since, however, plaintiff has elected to forego the optional damages fixed and to have a new trial as to damages only, we are willing to accede to the request that the opinion heretofore filed be deemed to be amended so as to delete all references to the damages figure of $4,004.25 and to the method of our arriving thereat, and so as to direct that there be a new trial as to damages only. It is herewith so ordered; further, that in all other respects the determination of the court stand as rendered.